UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROY LEE EASLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 12-2466-JDT |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER GRANTING MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)

This Court reversed the Commissioner of Social Security's determination that Plaintiff Roy Lee Easley was not disabled and remanded the case for additional administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 17.) Following the entry of judgment, Plaintiff sought and was awarded attorney fees in the amount of $4,880.34 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). (ECF No. 20.) On remand to the Social Security Administration (SSA), Plaintiff was granted benefits. Before the Court is Plaintiff's motion for attorney fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (ECF No. 21.) The Commissioner has filed a response stating he is not opposed to an award of fees. (ECF No. 24.)

Under § 406(b), in social security disability cases attorney fees may not exceed 25% of the past-due benefits to which a claimant is entitled. The SSA generally withholds 25% of past-due benefits for the potential payment of those fees. In this case, Plaintiff and her attorney entered into a contingent-fee agreement in which it was specifically agreed that counsel would receive the 25% fee. (ECF No. 21-4.) Plaintiff's award letter from the SSA indicates the agency withheld the sum

of $21,232.25 for the payment of attorney fees. (ECF No. 21-7 at PageID 611.) The SSA awarded $6,000 from that amount to counsel for work done at the administrative level. (ECF Nos. 21-8 & 21-9.) Plaintiff now asks that the remaining $15,232.25 be awarded to counsel for work done in this Court.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court held that, under the Social Security Act, contingent-fee agreements should be honored by the courts as long as the resulting fee is reasonable and there are no other factors warranting a reduction. *Id.* at 808. "If consistent with 'the character of the representation and the results of the representation achieved,' the contingent-fee should not be disturbed." *Whitehead v. Barnhart*, No. 1:04-1236-T, 2006 WL 681168, at *3 (W.D. Tenn. Mar. 14, 2006) (quoting *Gisbrecht*, 535 U.S. at 808.) A reduction in the requested fee is not justified if the Court is satisfied that the representation was not "substandard," "that the attorney did not contribute to the accumulation of past-due benefits by delaying resolution," and "that approving the fee will not result in a 'windfall' to the attorney." *Id.* (citations omitted).

The Court concludes that, in this case, the fee requested by Plaintiff and his counsel is reasonable and that no reduction is justified. Therefore, pursuant to 42 U.S.C. § 406(b), the motion for attorney fees in the amount of $15,232.25 for work done in this Court is hereby GRANTED. Counsel is ORDERED to refund the fees previously awarded under the EAJA to Plaintiff.

IT IS SO ORDERED.

                                         s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE